**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIHUI YIN,<br><br>                    Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                    Respondent. | No. 08-74168<br><br>Agency No. A099-361-027<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2013[**]
San Francisco, California

Before: NOONAN, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Petitioner Lihui Yin, a citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial

of her application for asylum, withholding of removal and relief under Article 3 of

the Convention Against Torture. Our review of a BIA's determination is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deferential. We can reverse only if the petitioner's evidence was such that a reasonable factfinder must have concluded otherwise. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

The BIA found no clear error in the IJ's adverse credibility finding, nor do we. In addition to the inconsistencies noted by the BIA, the agency based its finding of incredibility on the petitioner's demeanor, candor, and responsiveness. 8 U.S.C. § 1158(b)(1)(B)(iii). Credibility determinations that are based on an applicant's demeanor are given "special deference." *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999). We find the BIA's adverse credibility determination is supported by substantial evidence. *See Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007). In the absence of credible testimony, Yin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153 (9th Cir. 2003).

The BIA also found that petitioner failed to demonstrate that it is more likely than not that she would be tortured if removed to China, and hence denied her application under the Convention Against Torture. Where, as here, the petitioner's testimony is found not credible, we can only reverse the BIA's decision denying protection under the Convention Against Torture if we find that the country reports alone compel the conclusion that Yin is more likely than not to be tortured.

*Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010). Yin has failed to provide reports that would compel such a conclusion. Therefore, the BIA's denial of protection under the Convention Against Torture is supported by substantial evidence.

**PETITION DENIED.**